IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ROBERTA A. TROMBLEY,

    Plaintiff,                        Civ. Action No.
                                                5:06-CV-1174 (DNH/DEP)
                                               (Lead Case)

  vs.

                                               Civ. Action No.
ALTEC INDUSTRIES, INC.,          5:06-CV-1469 (DNH/DEP)
                                               (Member Case)

    Defendant/Third Party Plaintiff,

  vs.

NIAGARA MOHAWK POWER CORPORATION,
NATIONAL GRID USA SERVICE COMPANY,
INC. AND PAR ELECTRICAL CONTRACTORS,
INC.,

    Third-Party Defendants.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

MICHAELS, MICHAELS LAW FIRM    MARTIN M. MICHAELS, ESQ.
109 South Warren street
902 State Tower Building
Syracuse, NY 13202

POWERS, SANTOLA LAW FIRM       DANIEL R. SANTOLA, ESQ.
39 North Pearl Street                       JOHN K. POWERS, ESQ.
2nd Floor
Albany, NY 12207-2205

FOR DEFENDANT ALTEC:

| | |
|---|---|
| COSTELLO, COONEY LAW FIRM<br>205 South Salina Street<br>4th Floor<br>Syracuse, NY 13202 | ROBERT J. SMITH, ESQ.<br>SHELLY DiBENEDETTO, ESQ. |

FOR THIRD-PARTY DEFENDANTS:

| | |
|---|---|
| HISCOCK, BARCLAY LAW FIRM<br>50 Beaver Street<br>Fifth Floor<br>Albany, NY 12207-2830 | MICHAEL J. SMITH, ESQ. |
| GOLDBERG, SEGALLA LAW FIRM<br>8 Southwoods Boulevard<br>Suite 300<br>Albany, NY 12211-2526 | LATHA RAGHAVAN, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

During a routine, digitally recorded telephone conference held in this matter pursuant to Rule 16 of the Federal Rules of Civil Procedure on August 28, 2008 several issues were raised by the parties, principally third-party defendant PAR Electrical Contractors, Inc. ("PAR Electrical") related to expert disclosure. During the course of that conference argument was heard from the parties regarding the various issues raised. At the conclusion of the hearing I rendered an oral decision disposing of various requests made by the third-party defendant, particularly with

2

respect to PAR Electrical's request for preclusion at trial of certain expert testimony.

Upon due deliberation, and based upon the court's bench decision, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1)   On or before September 19, 2008, defendant and third-party plaintiff Altec Industries, Inc., ("Altec") shall produce to counsel for the parties all of the requested materials from Expert Mach's files, as well as the calculations relied upon by Expert Kyanka in his expert report.

2)   Any party may, at its option, thereafter conduct the deposition of Expert Kyanka regarding the opinions set forth in his expert report.

3)   In the event that defendant Altec contemplates or anticipates offering expert opinions that would fall under Rule 702 of the Federal Rules of Evidence from Dr. Chard, one of its employees, at trial, it shall notify the parties to the action of its intention to do so and produce a proper report which complies with the requirements of both Rules 26(a)(2) of the Federal Rules of Civil Procedure and the Uniform Pretrial Scheduling Order issued by this court, on or before September 19, 2008

4)   Third-party defendant PAR Electrical is hereby granted leave to serve a supplemental expert report on or before September 19, 2008

3

from its expert, Mr. Derby, to take into consideration documents requested from defendant Altec in May of 2008 and subsequently produced by that party.  Thereafter, defendant Altec shall have the option to request a further deposition of the expert of third-party defendant PAR Electrical to probe any new matter contained in that supplemental report.

5) The request of third-party defendant PAR Electrical to preclude plaintiff from relying upon Mr. Mach as an expert based upon the late disclosure of her intention to do so, is hereby DENIED, based upon the court's finding that third-party defendant PAR Electrical will not be unduly prejudiced by plaintiff's reliance upon Mr. Mach's opinions since those opinions have been fully disclosed by defendant Altec, and his deposition has been taken.

6) The request of third-party defendant PAR Electrical for an order directing the parties to share equally in the expenses associated with deposing plaintiff's expert, including his or her expert fees, is DENIED.  Instead, the parties are directed to shall share all expenses associated with those depositions in proportion to the respective segments of the transcripts devoted to their questions and the expert's responses.

7) Pending further order of the court, the remaining deadlines in

4

this action are hereby STAYED.

8) A telephone conference will be conducted in the action on September 25, 2008 at 2:00 p.m.  Plaintiff's counsel is directed to initiate the call.  During that conference, the parties should be prepared to discuss any remaining issues in the case, including the possibility of settlement, and the scheduling of remaining deadlines in the case.

/s/ David E. Peebles
David E. Peebles
U.S. Magistrate Judge

Dated: September 2, 2008
Syracuse, NY